# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LONNIE BERNARD DAVIS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PX-17-1356 |
| SOCIAL SECURITY ADMINISTRATION, | * | |
| Defendant | * | |

## MEMORANDUM OPINION

On June 30, 2017, Plaintiff filed an Amended Complaint in which he alleged that Defendant violated the Freedom of Information Act, the Privacy Act, and the Employee Retirement Income Security Act of 1974. ECF No. 5. Defendant has filed a Motion to Dismiss the Complaint, and Plaintiff has filed a Response and Cross-Motion for Summary Judgment. ECF No. 19, 21. The matter is now ripe for review. For the reasons that follow, the Court grants the Defendant's Motion to Dismiss, denies Plaintiff's Motion for Summary Judgment, and denies Plaintiff's Petition for Leave to File a Surreply.

## BACKGROUND

The Amended Complaint avers that on August 8, 2016, Plaintiff sent a letter to the Social Security Administration (SSA) requesting a Survivor Entitlements or Benefits Application. ECF No. 5 at 3; *see also* ECF No. 1-1 at 1.[1] On August 22, 2016, Plaintiff sent a letter to the SSA titled "RE: Freedom Of Information Act/Privacy Request." ECF No. 1-1 at 4. The letter requested "a copy of any/all documents, records, and information that any part of your agency has or had in its possession that's in any way connected to" Plaintiff's deceased father, Lonnie

---

[1] Plaintiff has provided a copy of the letter, but it is unclear if the letter was actually mailed and, if so, the letter's intended address.

Davis (hereinafter "Davis Senior"). *Id.* at 4-5. The letter also stated that Plaintiff sought "all information concerning [Davis Senior's] income level eligibility, insurance, and auxiliary benefits to ascertain his contributions to the social security system." *Id.* at 4. The letter provided Davis Senior's social security number, a brief history of his employment, and a copy of his death certificate. *Id.* at 4-5.

On October 18, 2016, the SSA replied to Plaintiff's August 22, 2016 letter, stating:

> As we previously advised you in our letter dated April 4, 2012, a worker cannot designate who can receive Social Security benefits on his or her earnings record. We can pay benefits only to people who meet the requirements for entitlement.
> . . .
> Generally, we may pay child's benefits to a dependent unmarried child under age 18, to a child age 18 or older who became disabled before age 22, or to a full-time elementary or secondary school student under age 19. If the parent is alive, the parent must be entitled to retirement or disability benefits; if the parent is no longer living, the parent must have worked long enough under the Social Security program.

*Id.* at 2. The letter also informed Plaintiff, who had sent his letter from a federal penitentiary, that "[u]nder Public Law 111-115, 'No Social Security Benefits for Prisoners Act of 2009,' we cannot pay any retroactive Social Security or Supplemental Security Income benefits to beneficiaries . . . [w]hile they are in prison." The SSA also provided Plaintiff a phone number to call with any questions. *Id.* at 2-3. The letter did not respond to Plaintiff's Freedom of Information Act (FOIA) request. *Id.*; ECF No. 5 at 3.

On May 17, 2017, Plaintiff filed this civil action against the SSA. ECF No. 1. At this Court's instruction, ECF No. 3, Plaintiff filed an Amended Complaint, in which he stated:

> This is a freedom of information act/privacy act lawsuit for failure to provide an application in a timely manner for survivor entitlements, for violation of 29 U.S.C. § 1132(c)(1) Employment [sic] Retirement Income Security Act and for failing to respond to freedom of Information Act/privacy act request submitted August 22, 2016 to Social Security Administration.

2

> . . .
> Plaintiff asserts he has been aggrieved and damaged by defendant [sic] actions and inactions in failing to properly respond that he interprets as a No Response to the FOIA/privacy act request or the letter requesting application for survivor entitlements. Plaintiff asserts the information sought is not exempt under the Act of Employment [sic] Retirement Income Security Act; therefore, social security administration should have properly provided the information and application to Plaintiff in a timely manner.

ECF No. 5 at 2-3. Under the requested relief section of the Complaint, Plaintiff asks the Court to

> Compel defendants for disclosure of decedant [sic] Lonnie Davis [sic] . . . with an injunctive order, penalties at up to $110.00 per day for violating (E.R.I.S.A.) 29 U.S.C. § 1132(c)(1) and plaintiff seeks cost of this litigation reasonably incurred and attorney fees. Provide the requested survivor application(s) and any other Jury Demand awards for declaratory and punitive damages.

*Id.* at 4.

In its motion, Defendant argues that dismissal is warranted because (1) the records that Plaintiff seeks are available under a separate regulation and thus do not fall within the ambit of FOIA; (2) to the extent the records do fall under FOIA, Plaintiff's request for "all information" that the agency possesses about his father is not reasonably specific; and (3) any claims under the Employee Retirement Income Security Act (ERISA) fail because social security benefits are not covered by that act. *Id.* at 5-8.

**STANDARD OF REVIEW**

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any

3

set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50) (1989)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating the sufficiency of the Plaintiff's claims, the Court construes all factual allegations as true and in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). In addition, when reviewing a motion to dismiss, the Court "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Philips v. Pitt Cty. Mem Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal citations omitted). The filings of self-represented plaintiffs are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the complaint must include more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court is not obligated to accept unsupported legal allegations, *Revene v. Charles Cnty Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**ANALYSIS**

**A. FOIA Claims**

The purpose of FOIA is to open government agency action to public scrutiny. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Under FOIA, federal agencies are required to make available promptly records upon request and where the agency receives reasonable description of the records sought, in accordance with the agency's published rules. *See* 5 U.S.C. § 552(a)(3)(A); *Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995). "[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure the searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989) (internal citations omitted). When an agency receives a properly circumscribed request, the agency must provide the records in any form or format as requested, if such records are readily reproducible in that form. *See* 5 U.S.C. § 552(a)(3)(B).

However, FOIA does not require an agency to produce records it has already publicly disseminated. *Service Women's Action Network v. Dep't of Defense*, 888 F.Supp.2d 231, 246 (D. Conn. 2012) (citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 152 (1989)); *see also Shurtleff v. United States Envtl. Prot. Agency*, 991 F. Supp. 2d 1, 19 (D.D.C. 2013) ("[W]hen an agency has provided an alternative form of access, it has satisfied its requirement under FOIA to make records available to the public."). Likewise, 20 C.F.R. § 402.20 plainly states that:

> (a) We [The SSA] will not handle your request under the FOIA and the regulations in this part to the extent it asks for records that are currently available, either from SSA or from another part of the Federal Government, under a separate statute that provides specific activity for charging fees for those records. For

5

example, we will not handle your request under the FOIA and the regulations in this part to the extent it asks for detailed earnings statements under the Social Security program.

(b) We will not handle your request under the FOIA and the regulations in this part if you are seeking a record that is distributed by SSA as part of its regular program activity, for example, public information leaflets distributed by SSA.

Before judicial review of an agency's compliance with FOIA can occur, citizens must exhaust available administrative agency procedures. *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 65 (D.C.Cir.1990); *see also Gasparutti v. United States*, 22 F.Supp.2d 1114, 1116 (C.D.Cal.1998) ("In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action."). Here, that agency is the SSA.

To file properly with the SSA a FOIA request by mail, a requester must reasonably describe the requested record, identify the request as a FOIA request, mark the outside of the envelope as a FOIA request and mail the request to "The Deputy Executive Director for the Office of Public Disclosure, Office of the General Counsel, SSA, 6401 Security Boulevard, Baltimore, MD 21235." 20 C.F.R. §§ 402.130, 402.135. When viewing the pleaded facts in the light most favorably to Plaintiff, no evidence supports that he followed this procedure. As to the August 8 letter, Plaintiff failed to comply with the most basic of the agency's regulations; Plaintiff failed to identify the request as one under FOIA, and it is not clear that he directed his request to the appropriate department. ECF No. 1-1 at 1. Moreover, the requested information had already been made publicly available via the agency's website. *See Forms*, Social Security Administration, https://www.ssa.gov/forms/; *see also Apply for Social Security Benefits*, Social

Security Administration, https://www.ssa.gov/forms/apply-for-benefits.html; *Form SSA-4 / Information You Need to Apply for Child's Benefits*, https://www.ssa.gov/forms/ssa-4.html.

As to Plaintiff's August 22, 2016 letter requesting "a copy of any/all documents, records, and information that any part of your agency has or had in its possession that's in any way connected to [Davis Senior]," including "all information concerning [Davis Senior's] income level eligibility, insurance, and auxiliary benefits to ascertain his contributions to the social security system," ECF No. 1-1 at 4, Defendant correctly notes that this request is overly broad because it seeks "all information" rather than particularizes the records sought. ECF No. 19-1 at 6. Moreover, to the extent that Plaintiff's letter sought a "detailed earnings statement" regarding his father, that information expressly falls outside the scope of FOIA. 20 C.F.R. § 402.20(a) ("[W]e will not handle your request under the FOIA and the regulations in this part to the extent it asks for detailed earnings statements under the Social Security program."); *see also* 20 C.F.R. §§ 404.810, 404.811, 422.125.

Finally, even if treated as FOIA requests, Plaintiff did not exhaust his administrative remedies as to either the August 8 or August 22, 2016 requests. Accordingly, because Plaintiff's requests were not properly presented FOIA claims, or, even if they were, such claims were not administratively exhausted, Plaintiff's FOIA count fails as a matter of law.

**B. Privacy Act Claims**

Although the Privacy Act is similar to FOIA in that it provides a mechanism to obtain information from government agencies, the Privacy Act applies only where a United States citizen or lawful permanent resident is requesting information about himself or herself from an agency. 5 U.S.C. § 552a(d) ("Each agency that maintains a system of records shall . . . upon

7

request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him[.]"). The Amended Complaint concerns solely the SSA records concerning Plaintiff's father. Plaintiff also casts his claims as if he seeks identical relief under the "freedom of information act/privacy act." ECF No. 5 at 2-3. However, the Complaint does not support claims under Privacy Act because the records sought were not concerning him. This claim too must fail.

**C. ERISA Claim**

Finally, Plaintiff asserts that Defendant violated the disclosure requirements of ERISA by failing to respond to his request for information about survivor's benefits. *See* ECF No. 5 at 4 (*citing* 29 U.S.C. § 1132(c)(1)); ECF No. 21 at 3. ERISA governs "employee benefit plans," such as pension plans and health care benefits. 29 U.S.C. §§ 1001, 1002(1)-(3). ERISA defines employee benefit plans as plans that are "established or maintained by an employer or by an employee organization, or by both," and provide benefits for their employees, former employees, and/or and those employee's beneficiaries. § 1002(1)-(2), (6)-(8); *see also* § 1002(4)-(5) (defining "employer" and "employee organization"). Plaintiff asserts that he is entitled to monetary damages under 29 U.S.C. § 1132(c)(1), which provides, in relevant part, that an administrator of an employee benefit plan

> who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal[.]

§ 1132(c)(1)(B).

The SSA's benefits are not established or maintained by an employer or employee organization for the benefit of an employer's employees. Rather, such benefits are administered by the SSA and are not covered by ERISA. Thus, ERISA's civil penalty provision, § 1132(c)(1), does not apply to the requested information that is the subject of Plaintiff's Amended Complaint. Accordingly, Plaintiff's ERISA claim is dismissed.

## CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss. Consequently, the Court denies Plaintiff's Motion for Summary Judgment. Finally, because Plaintiff's proposed surreply concerns arguments that he made or could have made at the time that he filed his Complaint or his Response, the Court concludes that no exception to the general prohibition on filing a surreply is warranted, *see* Local Rule 105(2)(a), and denies Plaintiff's Motion for File a Surreply.

A separate order follows.

| 5/22/18 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |